IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN A. GREEN,

                Plaintiff,

   v.

STEVEN T. CHVALA and
BRADLEY SCHROEDER,

                Defendants.

ORDER

12-cv-761-wmc

---

Plaintiff Steven A. Green filed this civil action pursuant to 42 U.S.C. § 1983, alleging that defendant Bradley Schroeder unjustifiably shot at his car as Green fled from a traffic stop and that defendant Steven Chvala used excessive force in the course of apprehending him after his attempt to elude officers. At plaintiff's request, the court recruited counsel James Burrows of the law firm of Reinhart Boerner Van Dueren in Milwaukee, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a scheduling conference to reset the trial date in this case. Plaintiff's counsel should contact the Wisconsin Department of Corrections or Oakhill Corrections Institution for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have

sufficient time to consult with plaintiff in advance of a scheduling conference, the clerk's office will be directed to set that conference in later November 2015, as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter James Burrows of the law firm of Reinhart Boerner Van Deuren as plaintiff's *pro bono* counsel of record and to set this case for a scheduling conference in later November 2015, as the court's schedule allows.

Entered this 4th day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge