IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN A. GREEN,

                Plaintiff,                OPINION AND ORDER

  v.

                                                      12-cv-761-wmc

BRADLEY SCHROEDER,

                Defendant.

---

This matter is set for trial to begin on September 12, 2016. In advance of the parties' final pretrial conference, which will take place on September 6, 2016, at 3:00 p.m., this order addresses the parties' motions *in limine*.

A. **Plaintiff's motions *in limine***

    1. **Defendant should be barred from referring to plaintiff's prior criminal convictions related to sex offender status and registration (Dkt. #121)**

In his first motion *in limine*, plaintiff argues that his two felony convictions for violating Wis. Stat. § 301.45(4)(a), "Sex Offender-Fail/Update Information," and Wis. Stat. § 301.45(6)(a)(1), "Sex Registry Violation," are unfairly prejudicial and should not be mentioned by defendant. In response, defendant argues that the jury should be allowed to consider those two felony convictions, along with five others, in evaluating his character for truthfulness.

Since Green was released from confinement for these two felonies within the last ten years, the parties agree that these felonies must be admitted unless their "probative

value is substantially outweighed by a danger of . . . unfair prejudice[.]" Fed. R. Civ. P. 609(a)(1)(A); 403.  Defendant argues that any prejudice resulting from the admission of Green's two felony convictions for sex offender registration violations is limited because Schroeder's counsel will only ask about the date and name of each conviction.  Assuming Green answers those questions accurately, then no further evidence need be introduced regarding those crimes.  Defendant also argues that the two convictions are particularly probative because Green has contradicted his own statements regarding the events on which this lawsuit is based, and so the jury must be presented with "complete information" to evaluate his character for truthfulness.  (Def.'s Opp'n Br. (dkt. #146) at 3.)  On the other hand, plaintiff correctly points out that revealing an individual's sex offender status often evokes strong, negative reactions.

    The court is persuaded that the danger of unfair prejudice substantially outweighs any probative value of the jury learning of the specific nature of these two convictions, including that they involve "sex offender" registration or update violations.  Accordingly, plaintiff's motion will be GRANTED IN PART AND DENIED IN PART.  No reference will be made to the name or nature of these two felony convictions, unless plaintiff were to deny felony convictions "for failing to make certain disclosures required by law."[1]

---

[1] Defendant also intends to proffer proof of five other felonies for violations of:  Wis. Stat § 961.41(1m)(cm)3, "possess w/intent-Cocaine (>15-40g) (939.05 Party to a Crime)"; (Wis. Stat. § 961.41(1m)(cm)1r, "possess w/intent-Cocaine (1-5g)"; Wis. Stat. § 943.23(3), "Drive or Operate Vehicle w/o Consent"; Wis. Stat. § 346.04(3), "Vehicle Operator Flee/Elude Officer"; and Wis. Stat. § 941.30(2), "2nd Degree Recklessly Endangering Safety."  (Dkt. #93.)  Plaintiff does not object to introducing evidence of his recklessly endangering safety conviction related to this lawsuit, but does interpose Rule 403 objections to proof of each of his other four felony convictions in his objections to defendant's proposed jury instructions and trial exhibit list.  Inexplicably, plaintiff does not formally move *in limine* to exclude those other four convictions in

### 2. Plaintiff should be permitted to appear in civilian attire without visible restraints (Dkt. #122)

Defendant does not oppose plaintiff's motion to wear civilian attire without visible restraints during the trial itself to avoid potential, unfair prejudice this may engender with the jury. The court will, therefore, GRANT plaintiff's motion, subject to resolution of any security concerns.

### B. Defendant's motions *in limine*

#### 1. Eyewitness statements in police reports should be excluded as hearsay (Dkt. #98)

Defendant filed this motion before the court entered the order denying summary judgment and granting plaintiff's motion for assistance in recruiting counsel. Likely because the court reset deadlines for Rule 26(a)(3) disclosures and motions *in limine* after plaintiff obtained counsel, plaintiff never responded to this motion, and defendant did not re-file it after the new deadlines were established. Lacking any basis to evaluate whether witness statements referred to in police reports are being offered for the truth of the matter asserted or fall under any exception to the hearsay rule, the court will RESERVE on this motion pending argument at the final pretrial conference.

---

his motion. On the contrary, plaintiff actually argues that his two convictions for sex offender registration violations need not be admitted because "Green has other, less inflammatory felony convictions in the last ten years upon which Defendants may use to impeach his credibility." (Pl.'s Mot. (dkt. #121) at 3.) Since not a subject of a motion *in limine*, the court will not prejudge whether the probative value of the names or nature of these four, other felony convictions is substantially outweighed by the danger of unfair prejudice under the balancing test set forth by Rules 609(a)(1)(A) and 403.

> 2. **Plaintiff should be barred from presenting any evidence that he suffered from post-traumatic stress disorder ("PTSD") or another psychological condition as a result of defendant's actions (Dkt. #126)**

Having suffered no physical injuries, plaintiff claims damages for emotional and psychological harm caused by defendant shooting at him. In support of those claims, plaintiff seeks to introduce medical records from the Dane County Jail and DOC. Lacking any medical expertise, defendant objects to Green testifying as to any medical diagnosis or cause of PTSD (or any other medical or psychological condition). Defendant also argues that notes in Green's medical records that reference such diagnoses are also inadmissible as hearsay, since he has named no expert witness to testify about his medical or psychological condition. Plaintiff responds that he is competent to testify about the symptoms he experienced and that statements in his medical records are admissible under hearsay exceptions.

As for Green's own claim of psychological and emotional distress, defendant concedes that he can testify about symptoms he experienced, but maintains that Green cannot establish that those symptoms were *caused* by Schroeder's firing at him in the absence of expert opinion testimony. Plaintiff, in contrast, argues that the jurors may *infer* causation from Green's testimony about his symptoms, since the question of causation falls "within their common experiences or observations," citing *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009).

As an initial matter, *Hendrickson* is not directly on point. In that case, the Seventh Circuit drew a distinction between the "perfectly clear" causation question presented by plaintiff's testimony that the defendant "beat him up and that it hurt really bad" and the

4

"complicated" question whether prison doctors' refusal of a prisoner's requests for certain medication caused injury. *Id.* at 892 (citing *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000)). Here, the question of causation falls somewhere between those extremes. Although Green cannot testify that Schroeder's actions proximately caused him psychological harm, the jury may infer causation from Green's testimony about his mental and psychological state before and after the events giving rise to this lawsuit. *See Ward v. Tinsley*, No. 1:10-CV-329, 2011 WL 6056598, at *3 (N.D. Ill. Dec. 6, 2011) (permitting the plaintiff to "lay the groundwork for the jury to infer causation by testifying about his present [physical and mental] health conditions and whether they appeared prior to the incident").

The notes in plaintiff's medical records recording symptoms he self-reported for the purpose of treatment also fall under the Rule 803(4) hearsay exception.[2] *See Edwards v. Staniec*, 08-cv-352-bbc, 2009 WL 3046747, at *1 (W.D. Wis. Sep. 17, 2009); *cf. Gong v. Hirsch*, 913 F.2d 1269, 1273-74 (7th Cir. 1990) (concluding that the district court did not abuse its discretion by refusing to admit a letter that revealed the plaintiff's own conclusion as to the appropriate medical diagnosis rather than "symptoms, objective data, surrounding circumstances or any other *factual* data that a reasonable physician would consider relevant in the treatment or even diagnosis of a medical condition") (emphasis in original). At the same time, notes in the medical records that reflect the psychiatrists' *own* medical opinions or impressions are not excepted from the rule against hearsay under Rule 803(4). *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564

---

[2] The records themselves also satisfy the hearsay exception for business records. Fed. R. Evid. 803(6).

(7th Cir. 1996) ("The Rule excepts statements made by a person seeking medical attention to the person providing that attention. Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing medical attention to the patient.") (*citing Gong*, 913 F.2d at 1273-74 & n.5)).

Plaintiff argues that statements of the medical professionals are non-hearsay because they are "defendant's agents or servants," but defendant is a Deputy with the Dane County Sheriff's Office. The medical professionals treating plaintiff were in no way acting as his agents or employees under Rule 801(d)(2). Plaintiff also argues that the statements are admissible for the purpose of establishing "their effect on Green and why he continued to seek treatment for his emotional and psychological injuries," but plaintiff does not explain how the psychiatrists statements are relevant to any disputed issue in this case. Of course, during the damages phase of the trial, *Green* might be allowed to testify whether treatments he received for symptoms he was experiencing after the shooting were helpful or not.

Finally, plaintiff argues that the medical records should be admitted because "counsel for the DOC and Green could not identify who diagnosed Green with PTSD," despite plaintiff's attempt "to obtain deposition testimony from the Department of Corrections about any diagnoses Green received during his confinement." (Pl.'s Opp'n Br. (dkt. #139) at 4.) As a flat statement, this argument offers no basis for admitting any diagnosis contained in DOC medical records. If anything, it begs the question as to why plaintiff did not seek to compel DOC to produce an appropriate witness.

6

Even if the court were to interpret this statement as an argument that the PTSD diagnosis in Green's medical records is admissible under the residual exception under Rule 807, the three medical records plaintiff's counsel attaches in support of his brief in opposition to defendant's motion do not indicate who made the diagnosis, whether that person was qualified or on what bases he or she reached the diagnosis. For these reasons, the court will GRANT IN PART, DENY IN PART AND RESERVE IN PART. Plaintiff may offer redacted medical records reflecting only self-reported information that a reasonable psychiatrist might consider relevant in treating his claimed injuries, but excluding statements or opinions of the psychiatrists themselves, as well as any other evidence of Green's PTSD diagnosis. Finally, the court will reserve on whether some DOC psychiatrist may still be subpoenaed to testify at trial regarding his or her historic diagnosis of PTSD.

> 3. **Plaintiff should be barred from presenting evidence or argument regarding the destruction of the two original parking lot diagrams (Dkt. #148)**

In response to plaintiff's proposed jury instruction for spoliation, defendant submitted a declaration from the detective with the Dane County Sheriff's Office who authorized the destruction of diagrams of the parking lot marked by Schroeder and the other deputy who pulled Green over. That detective states that the diagrams at issue were destroyed in approximately December of 2014, over four years after the events took place, because she was unaware this lawsuit was pending. As defendant points out, the Seventh Circuit requires a showing of bad faith before a spoliation instruction is

warranted.  *Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008); *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998).

Plaintiff does not contend that the custodian detective intentionally destroyed the diagram to hide potentially damaging information.  Instead, plaintiff cites testimony from that detective's deposition in which she not only claimed not to know about this lawsuit, but that in her fifteen years with the Dane County Sheriff's Office, there has never been any policy to alert individuals responsible for preserving evidence about pending litigation.  Thus, plaintiff argues, an adverse inference instruction is appropriate because the Dane County Sheriff's Office's failure to implement such a policy over that time constitutes bad faith.

To demonstrate that this individual defendant destroyed the diagrams in bad faith, plaintiff must do more than point to the destruction of evidence despite a duty to preserve it; "bad faith requires destruction for the purpose of hiding adverse information."  *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (internal quotation marks and citation omitted).  Here, plaintiff falls far short of establishing bad faith.  Plaintiff does not accuse the Sheriff's Office, much less defendant, of destroying the diagrams because of their content, nor is there any evidence to support such a claim. Moreover, plaintiff identifies no facts -- such as statements or images from the two video interviews in which Schroeder and the other deputy marked the diagrams -- from which the jury could infer that the diagrams contained information damaging to defendant. Finally, plaintiff had more than *four years* to request this information, or at least seek a

8

general assurance of preservation, and never did so, rendering him less than blameless that some of the information surrounding the shooting may have been inadvertently lost.

Ultimately, plaintiff's failure to show that defendant destroyed the diagrams because of their content dooms his proposed adverse inference instruction, *id.* at 1020, and his failure to show any prejudice from their destruction forecloses any lesser sanction. *See Haley v. Kolbe & Kolbe Millwork Co., Inc.*, No. 14-cv-99-bbc, 2014 WL 6982330, at *1 (W.D. Wis. Dec. 10, 2014) (noting that district courts in this circuit have considered whether sanctions short of an adverse inference instruction are appropriate when a party can show unfair prejudice resulting from a failure to preserve).[3]

Of course, the *fact* that these diagrams are no longer available does not depend on plaintiff's entitlement to a spoliation instruction. Accordingly, defendant's motion *in limine* will be DENIED.

## ORDER

IT IS ORDERED that:

1) Plaintiff's first motion *in limine* (dkt. #121) is GRANTED IN PART AND DENIED IN PART as set forth above.

---

[3] The two district court cases from outside of this circuit, which plaintiff cites to the contrary, are both factually distinguishable. Moreover, neither case holds that a party's failure to implement an evidence preservation policy alone can amount to bad faith under the legal standard in this Circuit. Moreover, despite plaintiff's review of the two video interviews, he identifies no facts or arguments that are unavailable to him due to defendant's failure to preserve. Therefore, regrettable as it may be that the diagrams no longer exist, plaintiff has wholly failed to make a showing of bad faith or prejudice.

2) Plaintiff's second motion *in limine* (dkt. #122) is GRANTED subject to the caveats set forth above.

3) Defendant's first motion *in limine* (dkt. #98) is RESERVED.

4) Defendant's second motion *in limine* (dkt. #126) is GRANTED IN PART, DENIED IN PART AND RESERVED IN PART for reasons set forth above.

5) Defendant's third motion *in limine* (dkt. #148) is DENIED.

Entered this 5th day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
DISTRICT JUDGE